**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MARIO WALFRE FUNES MATIAS,
Petitioner,
v.
CHRISTOPHER J. LAROSE, *et al.*,
Respondents.

Case No. 26-cv-05277-BAS-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Mario Walfre Funes Matias filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States.[1] (ECF No. 1.) The Government filed a Return, which does not address Petitioner's argument that his re-detention without notice violates due process, and instead, states the Government has no opposition to a bond hearing pursuant to 8 U.S.C.

[1] Petitioner simultaneously requested oral argument on the Petition. However, since the Court is granting the Petition and oral argument would not be scheduled until October 9, 2026, the Court assumes Petitioner would prefer an immediate ruling without oral argument.

§ 1226(a). (ECF No. 4.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner arrived in the United States from Guatemala in March 2019 seeking asylum. (Pet. ¶¶ 1, 20, ECF No. 1.) The Department of Homeland Security ("DHS") released him on his own recognizance. (*Id.*) Petitioner complied with all conditions of his release and has no criminal history. (*Id.* ¶¶ 19–20.)

On September 3, 2026, Immigration and Customs Enforcement ("ICE") re-detained Petitioner while he was on his way to work. (Pet. ¶ 21.) Petitioner claims he was re-detained without a warrant, without any reason justifying his re-detention, and without the opportunity to be heard on the issue of release. (*Id.*) The Government provides evidence that a warrant was served on Petitioner at the time of his arrest. (*See* ECF No. 4-2, Ex. B.)

## III. ANALYSIS

Although the Government states that, pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), Petitioner is eligible for a bond hearing under 8 U.S.C. § 1226(a), it is not clear from either the Petition or the Return that Petitioner was originally detained in the interior of the United States. In fact, it appears that in March 2019, Petitioner may have been arrested at the border, at which time he was released on his own

recognizance. If this is the case, *Rodriguez Vazquez* is inapplicable. *See* 183 F.4th at 1165 (concluding aliens apprehended in the interior of the United States, as opposed to those detained at the border, are subject to the detention regime of § 1226). Nor is it clear from any pleadings why a warrant was issued for Petitioner's re-detention. Petitioner claims he complied with all the conditions of his release and has no criminal history. (Pet. ¶¶ 19–20.) The Government does not dispute this in the Return. (ECF No. 4.)

Therefore, Petitioner's re-detention without notice or an opportunity to be heard, and without noticeably changed circumstances, violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding he was not a flight risk or a danger to the community in March 2019, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was

initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Mario Walfre Funes Matias (A# 203-521-836) be released on the same terms and conditions on which he was previously released in March 2019.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**